IN THE

## SUPREME COURT OF JUDICATURE

OF THE

## STATE OF NEW-YORK,

IN JANUARY TERM, 1822, IN THE FORTY-SIXTH YEAR OF OUR
INDEPENDENCE.

---

## MERRITT *against* LEFEVRE and ZELIFF:

*MERRITT* brought an action against *L.* and *Z.* in a justice's Court, under the act extending the jurisdiction of justices of the peace, (sess. 41. ch. 94.) and recovered *fifty* dollars. The defendants appealed to the Court of C. P. of *Ulster* county; and on the trial of the appeal in that Court, a verdict was found for the appellee, for less than *twenty-five* dollars; and the Court awarded costs to the appellants.

Under the act extending the jurisdiction of justices of the peace, (sess. 41. ch. 94.) where there is an appeal to the Court of Common Pleas, the appellee is entitled to *costs*, in all cases where a verdict is found in his favour.

*Cole,* for the appellee, now moved for a writ of *mandamus* directed to the judges of the Court of C. P., commanding them to vacate the rule entered by them awarding costs to the appellants, and to enter a rule awarding costs to the appellee.

*Sudam,* contra. In the 20th section of the act, it is declared, that if judgment shall be rendered for the appellee, he may, at his election, " have execution on such judgment, for the amount thereof, together with costs, as in other cases on judgments in the said Court of Common Pleas."

ALBANY,
January; 1822.

OSTERHOUT
v.
HARDEN-
BERGH.

Now, where a judgment is recovered in a Court of C. P. for less than twenty-five dollars, the defendant is entitled to costs. The appellant brought the action, at his own risk, under this act before the justice, to recover fifty dollars, and if he has failed in the experiment, it is his own fault. He is entitled to costs only where he would have been entitled to them in the Court of Common Pleas, before the passing of the act to extend the jurisdiction of justices of the peace. The appeal is remedial; and if a verdict should be recovered before a justice for forty-nine dollars, which on appeal should be reduced to one dollar, and yet the appellant must pay costs, the remedy would be worse than the disease.

*Per Curiam.* We are of opinion that the words, "as in other cases on judgments in the said Court of Common Pleas," in the *twentieth* section of the act, apply only to the manner of issuing the execution, not to the judgment or amount to be recovered. The appellee is entitled to costs in all cases where there is a verdict in his favour.

Rule granted.